UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Nancy Johnson, as legal guardian of K.M., a minor child,

Plaintiff,

vs. MINUTE ORDER

Independent School District No. 47,

Defendant. Civ. No. 00-2073 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 8th day of June, 2001.

* * *

On June 7, 2001, the Court heard argument on the Defendant's Motion to Compel.[1] For these purposes, the Plaintiff appeared by Tiffany A. Sanders, Esq., and the Defendant appeared by Lawrence J.

---

[1]At the Hearing, the Defendant also noted that, in depositions that are scheduled to take place on June 15, 2001, educators from the Defendant School District will be required to disclose private educational data, regarding several students. See, Title 20 U.S.C. §1232(g); Minnesota Statutes Section 13.32. As we advised at the Hearing, the parties are directed to submit, to the Court, a Stipulation for the release of that data, subject to Court approval. Further, in order to provide adequate protection of the privacy interests of the affected students, the Stipulation should provide notice to known subjects of the data in accordance with the notice provisions of Title 20 U.S.C. §1232(g)(2)(B), and should also provide for a Protective Order to prevent against any additional disclosure of the data.

JUN 08 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Hayes, Jr., Esq. For reasons expressed at the Hearing, the Defendant's Motion is granted in part, and denied in part.

## I. Factual and Procedural Background

This Motion to Compel involves the Defendant's request that the Plaintiff authorize the release of medical records, social security records, and academic records, for K.M., a minor child.[2] The Plaintiff is the legal guardian of K.M. The Plaintiff has filed suit against the Defendant, on behalf of K.M., for allegedly violating Title IX, Title 20 U.S.C. §1681, by failing to remedy sexual harassment that, allegedly, was being suffered by K.M., while attending Sauk Rapids High School.[3] According to the Plaintiff, since the early stages of childhood, K.M. has suffered from a variety of mental and emotional disorders, including attention-deficit disorder, bi-polar disorder, obsessive-compulsive disorder, and anxiety disorder. Because of these conditions, K.M. was under the care of a psychologist prior to her enrollment at Sauk Rapids High School.

---

[2]The Defendant also requests that we compel K.M.'s attendance at an Independent Medical Examination, pursuant to Rule 35, Federal Rules of Civil Procedure. However, the Plaintiff does not oppose the Defendant's request, and therefore, this aspect of the Defendant's Motion is denied, as moot.

[3]The Plaintiff has also asserted state law claims of defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress.

However, despite the Defendants knowledge of K.M.'s special needs, the Plaintiff alleges that agents of the Defendant allowed her to be sexually harassed, and did nothing stop the harassment, after an allegedly obscene caption was printed under her picture in the high school's yearbook. The Plaintiff contends that the Defendant's deliberate indifference made K.M. vulnerable to continued harassment, and created a sexually hostile environment, and that, as a result, K.M. has suffered severe emotional distress. Specifically, the Plaintiff alleges that, as a result of the harassment, K.M. has suffered from insomnia, hallucinations, and panic attacks. Further, the Plaintiff contends that K.M. has been forced to seek additional treatment, from her psychologist, because of the alleged harassment.

## II. Discussion

A. Standard of Review. The threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." Shelton v. American Motors, 805 F.2d 1323, 1326 (8th Cir. 1986). Of course, to be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Federal Rules of Civil Procedure. The standard, therefore, is widely recognized as one that is necessarily broad in its scope in

order to allow the parties essentially equal access to the operative facts. See, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 382 (8th Cir. 1992); Leighr v. Beverly Enterprises-Kansas, Inc., 164 F.R.D. 550 (D. Kan. 1996); Cox v. E.I. Du Pont de Nemours & Co., 38 F.R.D. 396, 398 (D.S.C. 1965). Notwithstanding the liberality of discovery, however, it is not without bounds. As our Court of Appeals has observed:

> [T]his often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, supra at 380.

Therefore, despite the liberality of discovery, we will remain reluctant to allow any party to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Carlson Cos., Inc. v. Sperry & Hutchinson Co., 374 F. Supp. 1080, 1089 (D. Minn. 1974); see also, Blum v. Schlegel, 150 F.R.D. 38, 39 (W.D.N.Y. 1993).

B. Legal Analysis. This Motion to Compel has several elements. First, the Defendant requests that the Plaintiff be compelled to provide information regarding "all treatment, including counseling or therapy, and/or evaluations Plaintiff K.M has sought

for any physical or mental health issues, injury or disability with respect to her claims." Affidavit of Lawrence Hayes; Ex. 2. In response to this request, the Plaintiff has executed and produced authorizations to allow the Defendant to obtain medical records from two clinics where a physician, Dr. Nordahl, provided psychiatric treatment to K.M. According to the Plaintiff, Dr. Nordahl is the only physician that has provided treatment to K.M. for the mental health problems that she experienced both before, and after, the alleged sexual harassment took place. As such, the Plaintiff is unable to provide the Defendant with additional medical release authorizations, or with a list of additional treating physicians.

At the Hearing, the Defendant argued that, because K.M. is alleged to have begun suffering from psychological problems when she was a small child, additional medical records, beyond those involving Dr. Nordahl, must exist, and therefore, must be produced. However, the Plaintiff continues to deny the existence of any additional medical records, beyond those which have already been disclosed. As we stated in Onwuka v. Federal Express Corp., 178 F.R.D. 508, 514 n. 2 (D. Minn. 1997):

> [A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. See, Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996). As we have stated elsewhere, "we have no means to test the

> veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations." Id. It continues to be our view that the failure to produce evidence, without just cause, which is relevant within the context of Rule 26, Federal Rules of Civil Procedure, bears a close relationship to the "spoliation of evidence," and should be sanctioned accordingly. See, Id., citing, Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995); Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 267 (8th Cir. 1993); SDI Operating Partnership, L.P. v. Neuwirth, 973 F.2d 652, 655 (8th Cir. 1992); Scout v. City of Gordon, 849 F. Supp. 687, 690-91 (D. Neb. 1994); Capellupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989).

Here, we must accept the Plaintiff's representation, that she is unable to produce additional information regarding K.M.'s medical treatment history. As such, this aspect of the Defendant's Motion to Compel is denied.

Next, the Defendant has requested that the Plaintiff produce authorizations for the release of academic records from all of the schools that K.M. has ever attended. In response to this request, the Plaintiff has produced authorizations for the release of records from Sauk Rapids High School and Mississippi Heights Middle School, but has refused to produce authorizations for the release of records from schools that were attended prior to Mississippi Heights Middle School, including New Life Academy, Powderhorn Christian School, and Laura Ingalls-Wilder Fundamentals School.

Also, the Plaintiff has refused to authorize the release of K.M.'s records from St. Cloud Tech High School, which K.M. attended following her departure from Sauk Rapids High School. According to the Plaintiff, events that occurred during K.M.'s attendance at these schools are not at issue in this lawsuit, and therefore, these academic records are not relevant.

We disagree. As we expressed at the Hearing, academic records from New Life Academy, Powderhorn Christian School, and Laura Ingalls-Wilder Fundamentals School, are relevant because they may contain information regarding psychological treatment that was received by K.M, prior to the alleged sexual harassment. The receipt of such psychological treatment may be relevant to determine the extent of K.M.'s preexisting emotional and mental disorders. Further, records from St. Cloud Tech High School may contain information which corroborates, or undermines, K.M.'s assertion, that she has suffered serious emotional distress as the result of the alleged sexual harassment. As such, these records are also relevant, and therefore, they must be produced.

In addition to medical and academic records, the Defendant has requested that the Plaintiff authorize the release of K.M.'s social security records, if any such records exist. According to the Defendant, these records are relevant, as they may demonstrate that K.M. suffered from pre-existing mental or physical conditions, for

which she is receiving disability benefits. As we expressed at the Hearing, if Social Security Disability records exist, they must be produced, in order to allow the Defendant to adequately investigate the extent of K.M.'s preexisting emotional and mental health conditions. As such, this aspect of the Defendant's Motion to Compel is granted.[4]

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Compel Responses to Interrogatories, to Provide Executed Authorizations for Release of Records, to Compel Attendance at an Independent Psychological Exam, and for Costs and Attorney's Fees [Docket No. 13] is GRANTED in part, and DENIED in part, as more fully detailed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[4]The Defendant has also requested that we award it the costs and attorney's fees that were incurred with respect to the present Motion. Allow the issue is a close one, in our indulgent view, the Plaintiff has not acted in a manner that would warrant such sanctions, and therefore, this aspect of the Defendant's Motion is denied. We may not have such indulgence if the Plaintiff's approach to discovery, as reflected in these Motions, is repeated.