UNITED STATED DISTRICT COURT
DISTRICT OF MINNESOTA

CIVIL DIVISION

---

Nancy Johnson, as legal guardian of
K.M., a minor child,

Plaintiff,

vs.

Independent School District No. 47,

Defendant.

**Case No. 00-2073 JMR/RLE**

**AMENDED FINDINGS AND ORDER REGARDING PRIVATE DATA**

---

This matter came before the Court on Thursday, June 7, 2001, pursuant to Defendant's Motion to Compel Discovery. Tiffany Sanders appeared on behalf of Plaintiffs. Lawrence J. Hayes, Jr. appeared on behalf of Defendant. During the aforementioned conference, the Court was advised that an issue had arisen in this litigation pertaining to the discoverability and ability of Independent School District No. 47 (hereinafter "School District") to disclose private educational data. The parties have agreed to the necessity of this Order and based on good cause shown for the requisite disclosures, the Court, having considered the evidence filed herein and the arguments of counsel, makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Subsequent to Plaintiffs' previous request for information, the Plaintiff had scheduled depositions of school teachers Karen Fuglie and Tim Christoferson on June 15, 2001. Both witnesses are identified as persons having knowledge of an alleged assault upon Ms. Marchetti occurring when she was a student at the Mississippi Heights Middle School.

19

FILED JUN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. The data and information related to this student is presently classified as private educational data pursuant to 20 U.S.C. § 1232g and Minnesota Statutes § 13.32.

3. Pursuant to Minnesota Statutes § 13.06, Subdivision 6, the Court is required to undertake the following:

a. Determine whether the data is discoverable or releasable pursuant to the applicable rules of evidence;

b. If the data is deemed discoverable, whether the benefit to the party seeking access outweighs any harm to the confidentiality interests of the agency maintaining the data, the individual who has provided the data, and the subject of the data who is identified in the data;

c. Whether notice to the subject of the data is warranted and, if so, what type of notice must be given; and

d. Whether any protective orders are deemed necessary.

4. Based on the information presented to the Court, the Court finds that the information pertaining to the student at the Mississippi Heights Middle School who allegedly assaulted Plaintiff Katie Marchetti is discoverable and the parties' access to the data outweighs any confidentiality interests of the affected individuals.

5. Adequate protection of the privacy interests of the affected individuals may be afforded by requiring the School District to provide notice to known subjects of the data in accordance with the notice provisions of 20 U.S.C. § 1232g(b)(2)(B) and by providing for a protective order regarding further disclosure of such data as set forth below. Such notice shall

be provided essentially in the manner set forth in the Exhibit attached hereto and made part of this order.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED:**

1. The School District, its officers, employees and agents are hereby authorized to disclose during the litigation of this matter all data, classified as private educational data, relating to Plaintiff's allegation that she was assaulted by another student while at the Mississippi Heights Middle School. Additionally, the School District, its officers, employees and agents are authorized to disclose all private educational data pertaining to said allegations, including investigation and actions taken by the School District in response to said allegations.

2. Prior to the release of such data, the School District shall notify, to the extent possible, the student(s) and parent(s) subject of the data and inform them that such data is being released pursuant to court order and in compliance with the notice requirements under the Federal Educational Privacy Rights Act, 20 U.S.C. § 1232g(b)(2)(B) and Minnesota Statutes § 13.06, Subdivision 6. Parents and/or students shall be notified that they have ten (10) days from the date of the notice to contact the Court with any objections they have as to the release of such data. To the extent private educational data is sought in accordance with the Court's Order during any depositions of any School District officers, employees and agents and the notice provisions of this paragraph have not been met, any personally identifiable information regarding said student(s), to the extent possible, shall not be recorded on the record but shall be marked and provided to Plaintiff in a timely manner following said deposition and notice to the affected student(s) and parent(s) in accordance with 20 U.S.C. § 1232g(b)(2)(B).

3. Any private educational data required to be released pursuant to the Court's Order and contained in depositions or transcripts of hearings, shall remain private data and may not be used for any purposes outside of this litigation, nor shall it be released by either party outside of these proceedings. To the extent any such private data is part of the Court's records, such documents shall be sealed and/or redacted to protect the privacy of the individual subjects of said data.

4. Any hearing or trial of this matter wherein private educational data of students other than Plaintiff is disclosed shall be closed.

Dated: June 18th, 2001

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE.***

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd