UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CIVIL DIVISION

Nancy Johnson, as legal guardian of
K. M., a minor child,

Plaintiff,

v.

Independent School District #47,

Defendant.

**Case No. 00-2073 JMR/RLE**

**FINDINGS AND ORDER REGARDING PRIVATE DATA**

1. Subsequent to the deposition of Aaron Karasch the Plaintiff has requested through a Fed.R.Civ.P. 34 request, the grade book(s) of Mr. Karasch's classes in which Plaintiff attended, during the 1999-2000 Academic year to identify students with possible knowledge of Plaintiff's alleged harassment.

2. The data and information related to these student is presently classified as private educational data pursuant to 20 U.S.C. § 1232g and Minnesota Statutes § 13.32.

3. Pursuant to Minnesota Statutes § 13.06, Subdivision 6, the Court is required to undertake the following:

a. Determine whether the data is discoverable or releasable pursuant to the applicable rules of evidence;

b. If the data is deemed discoverable, whether the benefit to the party seeking access outweighs any harm to the confidentiality interests of the agency maintaining the

FILED JUL 23 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

data, the individual who has provided the data, and the subject of the data who is identified in the data;

c. Whether notice to the subject of the data is warranted and, if so, what type of notice must be given; and

d. Whether any protective orders are deemed necessary.

4. Based on the information presented to the Court, the Court finds that the names of students contained in Mr. Karasch's grade book for the class Plaintiff attended, or the class roster if available, are discoverable and the parties' access to that data, outweighs any confidentiality interests of the affected individuals.

5. Adequate protection of the privacy interests of the affected individuals may be afforded by requiring the School District to provide notice to known subjects of the data in accordance with the notice provisions of 20 U.S.C. § 1232g(b)(2)(B) and by providing for an protective order regarding further disclosure of such data as set forth below. Such notice shall be provided essentially in the manner set forth in the Exhibit attached hereto and made part of this order.

6. The School District, its officers, employees and agents are hereby authorized to disclose during the litigation of this matter all data, classified as private educational data, relating to the names of students contained in Mr. Karasch's grade book for the 1999-2000 Academic year.

7. Prior to the release of such data, the School District shall notify, to the extent possible, the student(s) and parent(s) subject of the data and inform them that such data is being released pursuant to court order and in compliance with the notice requirements under the Federal Educational Privacy Rights Act, 20 U.S.C. § 1232g(b)(2)(B) and Minnesota Statutes §

13.06, Subdivision 6. Parents and/or students shall be notified that they have ten (10) days from the date of the notice to contact the Court with any objections they have as to the release of such data. To the extent private educational data is sought in accordance with the Court's Order during any depositions of any School District officers, employees and agents and the notice provisions of this paragraph have not bee met, any personally identifiable information regarding said student(s), to the extent possible, shall not be recorded on the record and notice to the affected student(s) and parent(s) in accordance with 20 U.S.C. § 1232g(b)(2)(B).

8. Any private educational data required to be released pursuant to the Court's Order and contained in depositions or transcript of hearings, shall remain private data and may not be used for any purposes outside of this litigation, nor shall it be released by either party outside of these proceedings. To the extent any such private data is part of the Court's records, such documents shall be sealed and/or redacted to protect the privacy of the individual subjects of said data.

9. Any hearing or trial of this matter wherein private educational data of students other than Plaintiff is disclosed shall be closed.

Date: JUL 23 2001, 2001

Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE